POLLAK, District Judge,
dissenting.
I.
I respectfully disagree with the court’s opinion. I think Judge Rodriguez’s decision should be affirmed, and I would expressly predicate the order of affirmance on his comprehensive, finely crafted, and characteristically thoughtful opinion.
II.
In upholding as constitutional strip searches of persons detained on non-indictable offenses and with respect to whom there is no individualized ground for suspicion that they may be bringing contraband into a detention facility, the court finds the en banc opinions of the Eleventh Circuit, Powell v. Barrett, 541 F.3d 1298 (11th Cir.2008), and of the Ninth Circuit, Bull v. City and County of San Francisco, 595 F.3d 964 (9th Cir.2010), persuasive. For my part, I find greater wisdom in Judge Barkett’s dissent in Powell and Judge Thomas’s dissent in Bull.
Judge Thomas’s Bull dissent frames the issues this way:
The majority sweeps away twenty-five years of jurisprudence, giving jailors the unfettered right to conduct mandatory, routine, suspicionless body cavity searches on any citizen who may be arrested for minor offenses, such as violating a leash law or a traffic code, and who pose no credible risk for smuggling contraband into the jail. Under its reconfigured regime, the majority discards Bell’s requirement to balance the need for a search against individual privacy and instead blesses a uniform policy of performing body cavity searches on everyone arrested and designated for the general jail population, regardless of the triviality of the charge or the likelihood that the arrestee is hiding contraband. The rationale for this abrupt precedential departure is founded on quicksand. Indeed, the government’s entire argument is based on the logical fallacy *312 cum hoc ergo propter hoc — happenstance implies causation. The government argues that contraband has been found in the San Francisco jails. Thus, the government reasons, individuals who are arrested must be smuggling contraband into the jail. Therefore the government concludes it must body cavity search everyone who is arrested, even those who pose no risk of concealing contraband, much less of trying to smuggle contraband into the jail.
This reasoning finds no support from the record in this case. Although there is evidence of some arrestees attempting to conceal contraband during their arrest, there is not a single documented example of anyone doing so with the intent of smuggling contraband into the jail. More importantly, for our purposes, there is not a single example of anyone from the class defined by the district court who was found to possess contraband upon being strip search. Not one.
Bull, 595 F.3d at 990.
In his District Court opinion, Judge Rodriguez makes a point which gives special cogency to Judge Thomas’s “Not one”:
... [I]t is worth noting that neither county submits supporting affidavits that detail evidence of a smuggling problem specific to their respective facilities.
Florence v. Bd. of Chosen Freeholders, 595 F.Supp.2d 492, 513 (D.N.J.2009).[1]
Judge Barkett’s Powell dissent sums up the issues with special force:
Like the majority, I recognize and appreciate the deference due to jail administrators as they fulfill their charge of ensuring security in jails, not only for the jail officials but also for the inmates. See Bell v. Wolfish, 441 U.S. 520, 547-48, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). At the same time, “convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison.” Id. at 545, 99 S.Ct. 1861. This principle applies with at least as much force to individuals detained prior to their trial on petty misdemeanor charges such as failing to pay child support, driving without a license, or trespassing. See id. These protections, such as the right to be free from degrading, humiliating, and dehumanizing treatment and the right to bodily integrity, include protection against forced nakedness during strip searches in front of others.
Powell, 541 F.3d at 1315.

. The court says that "[i]t is plausible that incarcerated persons will induce or recruit others to subject themselves to arrest on non-indictable offenses to smuggle weapons or other contraband into the facility.” One might doubt that individuals would deliberately commit minor offenses such as civil contempt — the offense for which Florence was arrested — and then secrete contraband on their person, all in the hope that they will, at some future moment, be arrested and taken to jail to make their illicit deliveries. Nonetheless, the point made by Judge Rodriguez establishes that what might in some imagined circumstances be "plausible” is without support in the record before Judge Rodriguez— the record binding on Judge Rodriguez and on this court.